# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30657

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2020

Lyle W. Cayce
Clerk

DAMEON R. FUSILIER,

Plaintiff – Appellant,

v.

ELIZABETH ZAUNBRECHER; C. MICHAEL TROSCLAIR; JEROD
ABSHIRE; AARON SHELTON; TONY MANCUSO; BERKLEY INSURANCE
COMPANY, incorrectly named as A.B.C. Insurance Company,

Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CV-1212

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:*

Dameon Fusilier was arrested for impersonating a peace officer in Louisiana. After he was acquitted, Fusilier sued a number of defendants under 42 U.S.C. § 1983 and Louisiana state law for their alleged involvement in his arrest and subsequent prosecution. The district court dismissed his claims. We reverse and remand.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30657

I.

As alleged in his complaint, Fusilier was driving his dark green truck when he noticed that the white SUV in front of him was driving in an "erratic and unsafe manner." Fusilier "began flashing his high beams, hoping to catch the attention of the driver, and perhaps, wake him/her up." Fusilier then turned on "white LED security lights attached to the front windshield of his vehicle"—"still trying to get the attention of the driver of the white SUV." He followed the driver to her driveway, got out of his truck and asked "if she was okay." The SUV driver turned out to be a lieutenant in the Calcasieu Parish Sheriff's office named Elizabeth Zaunbrecher. She called the Sheriff's Office and said that Fusilier had illegally impersonated a police officer. Specifically, Zaunbrecher said that he had pretended to be a police officer by showing a badge. The Sheriff's Office prepared a warrant and then arrested Fusilier on (1) criminal trespass and (2) false personation of a peace officer or firefighter. *See* La. Stat. Ann. §§ 14:63, 14:112.1. Fusilier remained in jail for 29 days.

Fusilier further alleges that on January 28, 2016, while he was still in jail, the District Attorney rejected the first charge but proceeded on the second. Fusilier remained in jail on the false personation charge until February 4, 2016. From that date to September 14, 2016, Fusilier was under house arrest, and "severe travel restrictions" continued until his trial ended on September 23, 2016. The jury deliberated for just 27 minutes and acquitted Fusilier.

Fusilier filed this lawsuit on September 22, 2017. The operative complaint makes two claims: (1) a Fourth Amendment claim styled as "malicious prosecution," and (2) a Louisiana state law malicious prosecution claim. The magistrate judge found the Fourth Amendment claim to be barred by a one-year statute of limitations. And the magistrate judge concluded that Fusilier's claim accrued on the day he was released from custody on February 4, 2016. Accordingly, he had one year from that date (until February 2017) to

2

No. 19-30657

file his complaint; his September 22, 2017 complaint was thus late. Without a viable federal claim, the magistrate judge also recommended declining supplemental jurisdiction over Fusilier's state law claim. The district court adopted the magistrate judge's recommendations without comment and dismissed. Our review is *de novo. See Romero v. Brown*, 937 F.3d 514, 519 (5th Cir. 2019).

## II.

On appeal, Fusilier argues that the magistrate judge erred in the claim-accrual analysis. We agree.

The Supreme Court has set out a sequential process for determining when a § 1983 claim accrues. The "threshold inquiry in a § 1983 suit" is "identify[ing] the specific constitutional right at issue." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Then, "[a]fter pinpointing that right," courts must look "to the common law of torts" for the elements of and rules associated with the claim. *Id*. These rules include when the claim accrues and thus when the relevant limitations period begins. *Id*.

At the first step, the magistrate judge correctly recognized that there is "no . . . freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). After all, a § 1983 constitutional claim is only available for the "violation of rights locatable in the constitutional text." *Id*. at 953–54. And the Constitution's text does not protect against the mere initiation of criminal charges. *Id*. Instead, the Fourth Amendment protects against "seizures" without "probable cause." U.S. CONST. amend. IV. In accordance with this precedent, Fusilier alleged that he was "seized" by being incarcerated for twenty-nine days and then placed under house arrest for close to six months on the false personation charge. *See McLin v. Ard*, 866 F.3d 682, 691–94 (5th Cir. 2017) (collecting cases on when a

3

No. 19-30657

plaintiff has been "seized" for purposes of the Fourth Amendment). Since Fusilier's allegations implicate a seizure, the magistrate judge was correct that we must analyze his claim under the Fourth Amendment. *Castellano*, 352 F.3d at 953.

At the second step, the magistrate judge erred by rejecting an analogy to common law malicious prosecution and instead analogizing Fusilier's claim to common law false arrest. Both the Supreme Court and this one have countenanced analogies to common law malicious prosecution at the second step. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007); *Winfrey v. Rogers*, 901 F.3d 483, 492–93 (5th Cir. 2018). Where the plaintiff complains about "detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process," then that claim should be analogized to malicious prosecution. *Wallace*, 549 U.S. at 390. As the Supreme Court added just last year, malicious prosecution involves a claim that a "defendant instigated a criminal proceeding with improper purpose and without probable cause." *McDonough*, 139 S. Ct. at 2156. It is therefore most apt when the plaintiff "challenge[s] the integrity of criminal prosecutions undertaken pursuant to legal process." *Id.* (internal quotation marks omitted).

Our circuit's recent case in *Winfrey* is instructive. In that case, the plaintiff alleged that he had (1) been arrested pursuant to a warrant, (2) the warrant issued through the normal legal process, and (3) the warrant application contained "numerous material omissions and misstatements." *Winfrey*, 901 F.3d at 493. We said that these allegations reflected the "wrongful institution of legal process." *Id*. And since his claim was best analogized to common law malicious prosecution, his claim "accrued when his criminal proceedings ended in his favor." *Id*.; *see also Whittington v. Maxwell*, 455 F. App'x 450, 457–58 (5th Cir. 2011).

No. 19-30657

Fusilier's allegations in the operative complaint mirror those in *Winfrey*. Fusilier alleged (1) a "48 Hour Warrant" was issued for his arrest, (2) the warrant was signed by a state judge in the usual course, (3) he was arrested pursuant to that warrant, (4) but the officer preparing the warrant knew that there was no probable cause to arrest Fusilier, and (5) Zaunbrecher was not honest in her statements that formed the basis of the warrant affidavit (specifically about Fusilier showing a badge or otherwise pretending to be a peace officer). According to Fusilier, these misstatements show there was no probable cause to have "detained—which is to say 'seiz[ed]'"—him for 29 days in jail and for months of house arrest. *Manuel*, 137 S. Ct. at 917.

As should be apparent, *Winfrey* controls. Since Fusilier is challenging "an unlawful [detention] pursuant to a warrant" that the defendants caused to be issued because of "misstatements," Fusilier's claim best fits with a malicious prosecution analogy. *Winfrey*, 901 F.3d at 493; *see also McDonough*, 139 S. Ct. at 2158. Accordingly, the district court was wrong to conclude his claim accrued when he had his hearing in front of the magistrate judge. Instead, his claim accrued when he was acquitted. *Winfrey*, 901 F.3d at 493.

* * *

The judgment of district court is REVERSED, and we REMAND for further proceedings consistent with this opinion.